UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

JAMAL DONTAE BURNELL, #91340-083,

        Petitioner,

v.                                                        ACTION NO. 2:21cv391

R. WILSON,
*Acting Warden, FCC Petersburg,*

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

This matter is before the Court on the *pro se* petition filed pursuant to 28 U.S.C. § 2241 by petitioner Jamal Dontae Burnell ("Burnell"), a federal prisoner convicted and sentenced in the Eastern District of Virginia and housed in the Federal Correctional Center in Petersburg, Virginia, and Warden R. Wilson's ("respondent") motion to dismiss the petition with prejudice. ECF Nos. 1, 9. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. *See* ECF No. 3.

The undersigned **RECOMMENDS** that respondent's motion to dismiss—converted into a motion for summary judgment[1]—(ECF No. 9) be **GRANTED**, and the petition for a writ of habeas corpus (ECF No. 1) be **DISMISSED WITH PREJUDICE**.

---

[1] On March 29, 2022, the Court converted the motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). ECF No. 13.

## I. STATEMENT OF THE CASE

Burnell is housed at the Federal Correctional Institution in Petersburg, Virginia ("FCI Petersburg"), ECF No. 1, at 1. His projected release date is December 13, 2023. ECF No. 10-1, at 2. Burnell alleges he was denied due process when, following a disciplinary hearing held at FCI Petersburg on July 30, 2020, he did not receive a copy of the disciplinary hearing officer ("DHO") report within 15 days of the hearing as required by Bureau of Prisons ("BOP") policy. ECF No. 1, at 6–7; ECF No. 10-1. He further asserts that he did not commit the prohibited act. ECF No. 1, at 7.

### A. Burnell's disciplinary hearing process

On July 13, 2020, Burnell was issued and provided with a copy of an incident report charging him with violating BOP disciplinary code 296 by abusing the prison's inmate electronic mail system.[2] ECF No. 10-1, at 11. The incident report states,

> On July 13, 2020, at approximately 9:30 a.m. while monitoring inmate emails, I reviewed several outgoing/incoming email[s] from inmate Burnell, Jamal, Reg. No. 91340-083 to email address bluestampwillie@gmail.com. Each outgoing/incoming email from the above mentioned email address had a different name in the subject line, indicating the messages were going to different individuals. For example, an email sent from Burnell's account to bluestampwillie@gmail.com on July 13, 2020 at 9:30 a.m. to subject "Idea" stated "damn I called yu hung up on me, that aint goin to happen again sis" which indicates he is speaking to a female by calling her sis. Another email from Burnell's account to the same email address on July 13, at 9:26 a.m. to subject "Glue" stated "what up jay!! my man waiting on yu" which indicates he is speaking to a male named Jay. Inmate Burnell is using a third party texting service, via email address

---

[2] Disciplinary Code 296 prohibits "[u]se of the mail for abuses other than criminal activity which circumvent mail monitoring procedures (e.g., use of the mail to commit or further a High category prohibited act, special mail abuse; writing letters in code; directing others to send, sending, or receiving a letter or mail through unauthorized means; sending mail for other inmates without authorization; sending correspondence to a specific address with directions or intent to have the correspondence sent to an unauthorized person; and using a fictitious return address in an attempt to send or receive unauthorized correspondence)." ECF No. 14, at 4; 28 C.F.R. § 541.3 (2022).

bluestampwillie@gmail.com to forward messages to different individuals on the street, which circumvents the monitoring process.

*Id.* at 2, 11.

On July 14, 2020, Burnell received a notice of disciplinary hearing before the DHO. *Id.* at 15. Burnell was advised of his rights at the disciplinary hearing. *Id.* at 15, 17. He indicated that he did not wish to have a staff representative at the hearing and did not wish to call any witnesses. *Id.* at 15.

On July 30, 2020, Burnell appeared before the DHO. *Id.* at 19. Burnell waived the right to have a staff representative, waived the right to present witnesses, acknowledged receipt of a copy of the incident report, and indicated he understood his rights before the DHO. *Id.* at 19–20. The DHO report indicates that Burnell denied guilt and notes that he made the following initial statement: "Not Guilty, My emails are to my sister. Yes, my sister's email is Jessica.[]@yahoo.com." *Id.* at 19, 21. The DHO found Burnell guilty of abusing the prison's email system, a violation of disciplinary code 296, and sanctioned him with a loss of 27 days of good conduct time ("GCT") and a loss of 90 days of email access. *Id.* at 20–21. The DHO relied on the evidence provided in the incident report as well as the evidence offered at the hearing, which he summarized as follows:

> In deciding this issue, I considered your denial of the charge and your version of the incident, but was not swayed or convinced of your innocence. I did not find the delivery of your testimony to be sincere or believable and you have provided no evidence to support your claims that you were not using a third party service. The DHO considered your defense that you were emailing your sister, during the DHO hearing you admitted that your [sister's] email address is Jessica.[]@yahoo.com which is different for the email account that it was sent to[]. The DHO does not question whether that Yahoo email account is your [sister's] account the question is why not email your sister directly and not through a third party service. When you were questioned as to the bluestampwillie@gmail.com email address you offered no explanation. The report writer provided evidence

3

that you were sending messages through a third party service which is a prohibited act. During your UDC hearing you asked why the third party service was not blocked. The DHO informed you that it is your responsibility and yours alone to adhere to the rules and regulations of the BOP; and when you fail to do so then you are held accountable through the inmate discipline process. Additionally, the acceptance of the email address does not mean the allowance or knowledge of a prohibited act, again the rules and regulations are in place and should be followed.

*Id.* at 21. The DHO provided the following reason for imposing the sanctions:

The action/behavior on the part of any inmate to use the telephone/mail in an unauthorized manner poses a serious threat to the ability of the staff to control the use of the telephone/mail. Your actions interfered with the ability of staff to monitor whether inmates are making calls /using mail for prohibited or illegal purposes. The sanctions imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times.

The loss of GCT sanction was imposed to comply with mandatory sanctioning guidelines for PLRA inmates. The other sanctions imposed by the DHO were taken as punishment for your misconduct.

*Id.*

The DHO signed the report on September 29, 2020. *Id.* at 22. According to the notation on the report, it was delivered to Burnell on October 14, 2020. *Id.* The DHO report further indicates that, at the time the report was delivered to Burnell, he was "advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure." *Id.* According to the petition and respondent's records, Burnell appealed the DHO's findings through the BOP's administrative remedy process. ECF No. 1, at 2–3; ECF No. 10-1, at 31–35, 37–40. Burnell's first appeal to the Mid-Atlantic Regional Director's Office was submitted before Burnell had received the DHO's report and was denied for failure to attach the report. ECF No. 10-1, at 31–33. Burnell appealed again to the Regional Director's Office on October 25, 2020. *Id.* at 37. The Regional Director denied the appeal, holding the evidence supported the DHO's finding and no violation of due process occurred. *Id.* at 38. On April 6, 2021, Burnell appealed the

Regional Director's denial to the Central Office of the BOP. *Id.* at 28. The Central Office denied the appeal on May 4, 2021, holding sufficient evidence supported the DHO's finding and there was no violation of Burnell's due process rights. *Id.* at 40.

**B.	Burnell's federal petition and conversion of respondent's motion to dismiss to a motion for summary judgment**

On July 16, 2021, Burnell filed a section 2241 petition for a writ of habeas corpus challenging the failure of the BOP to timely provide him a copy of the DHO report and asserting that he did not commit the charged offense. ECF No. 1, at 1, 6–7. Burnell seeks to have the sanctions lifted, including reinstatement of his GCT. *Id.* at 8. Burnell supplemented his petition on September 29, 2021, offering further argument in support of his innocence. ECF No. 6.

Respondent filed a motion to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6), with a memorandum in support and notice to Burnell. ECF Nos. 9–11. Respondent's first exhibit included a declaration from Kelly Forbes, a paralegal specialist at the Federal Correctional Complex in Butner, North Carolina, with attachments in support. ECF No. 10-1. The attachments include the incident report, a notice of discipline hearing before the DHO, a notice of inmate rights at the discipline hearing, the DHO report, the SENTRY administrative remedy generalized retrieval report, and copies of Burnell's appeals. *Id.* at 10–40. Burnell responded to the motion to dismiss on January 3, 2022. ECF No. 12.

The Court may only consider the documents attached to the motion to dismiss (the Forbes declaration and attachments) without converting the motion to a motion for summary judgment if the documents are "integral to and explicitly relied on in the complaint." *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quotation and citation omitted); Fed. R. Civ. P. 12(d). Courts in this circuit have generally found that documents provided by the

5

respondent that were not attached to the petition, such as a DHO report, are outside the pleadings and not appropriately considered on a motion to dismiss. *Robinson v. Andrews*, No. 2:20cv163, 2020 WL 6389842, at *1 (E.D. Va. Sept. 28, 2020) (collecting cases), *report and recommendation adopted by*, 2020 WL 6386971 (E.D. Va. Oct. 30, 2020). As it is necessary to consider these documents, the Court converted the motion to dismiss to a motion for summary judgement and provided notice to the parties pursuant to Rule 12(d) on March 29, 2022. ECF No. 13. Burnell responded on April 19, 2022. ECF No. 14.

## II. ANALYSIS

### A. Due Process – delayed receipt of DHO report

Prisoners retain rights under, and may claim the protections of, the Due Process Clause in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners have a liberty interest in GCT, and when it is taken away, a prisoner is entitled to those procedures which are required by the Due Process Clause and appropriate under the circumstances to ensure the GCT was not taken away arbitrarily. *Id.* at 557–58. Specifically, the due process rights that prisoners possess when a protected liberty interest such as GCT is at stake are: (1) written notice of the charges against them at least 24 hours before their hearing; (2) the opportunity to call witnesses and present documentary evidence in their defense when doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the evidence relied on and the reasons for the disciplinary action taken. *Id.* at 563–66.

A delay in receiving a written statement of the evidence relied on that does not have a prejudicial effect on the prisoner's administrative appeal, does not provide a basis for habeas relief on due process grounds. *Griffin v. Ebbert*, 640 F. App'x 181, 184 (3d Cir. 2016) (finding no due

6

process violation when an inmate received the DHO's report eighteen months after his hearing "because [the inmate] had not demonstrated that he suffered any prejudice as a result of the eighteen-month delay, he had received the process he was due under *Wolff*"); *Staples v. Chester*, 370 F. App'x 925, 929–30 (10th Cir. 2010) (finding the approximate eight-month delay in providing petitioner with a copy of the DHO report did not prejudice his ability to bring an administrative appeal); *Shahan v. Ormond*, No. 3:18cv200, 2018 WL 6681210, at *8 (E.D. Va. Dec. 19, 2018) (finding petitioner failed to demonstrate that he suffered any prejudice from over eight-month delay in receiving the DHO Report), *aff'd*, 778 F. App'x 217 (4th Cir. 2019); *cf. Consolidation Coal Co. v. Borda*, 171 F.3d 175, 183–84 (4th Cir. 1999) (explaining that "[i]t is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay," where a 16-year delay by the government to notify a coal miner of entitlement to black lung benefits claims was held to be a violation of due process because of demonstrated prejudice).

When a prisoner files a petition for writ of habeas corpus due to the prison's delay in providing a written statement, but the due process violation is 1) subsequently remedied by providing the prisoner with a written statement and allowing him to appeal, and 2) no harm is incurred by the prisoner as a result of this delay, then the government's failure to provide the statement has no prejudicial effect and the petition should be dismissed. *Deroo v. Holinka*, 373 F. App'x 617, 617–19 (7th Cir. 2010); *see also Crawley v. Wilson*, No. 2:11cv542, 2012 WL 2505118, at *5 (E.D. Va. May 16, 2012) (holding that, where a prisoner's DHO report was delayed but he was still able to appeal the DHO's decision, there was no due process violation because there was no prejudice resulting from the delay in receiving his report) (citing *Consolidation Coal*

*Co.*, 171 F.3d at 183). This Court in *Shahan v. Ormond* explained that, even if a prisoner successfully challenged a loss of GCT in an appeal, the delay in receiving the DHO report alone "would not have prevented him from receiving the benefit of a successful appeal" because the revocation of GCT impacts the prisoner's future release date. 2018 WL 6681210, at *8.

Burnell does not dispute that the first two components of due process in *Wolff*—notice of charges and opportunity to present evidence—were satisfied. *See* ECF No. 1, at 7; ECF No. 6. Burnell was given written notice of the charges against him weeks before his hearing before the DHO, and he was given an opportunity to call witnesses and present evidence. ECF No. 10-1, at 19–21. Burnell challenges only the third due process right addressed in *Wolff*, asserting his due process rights were violated as a result of the BOP's delay in providing him the DHO report. ECF No. 1, at 6–7; ECF No. 6.

The respondent contends that the grounds for Burnell's petition are moot due to his receipt of the DHO report, and that he has not shown that he was prejudiced by the delay and, therefore, cannot claim that his due process rights were violated. ECF No. 10, at 8–9.

Although Burnell's right to appeal was delayed due to the respondent's failure to provide him the DHO report for more than two months, providing the report to Burnell and allowing him to appeal the decision well before his projected release date of December 2023 prevented any prejudice. Therefore, the portion of ground one of Burnell's petition alleging a due process violation due to failure to timely receive his DHO report should be **DISMISSED**.

B.    **Innocence**

For improper use of the prison's electronic mailing system, Burnell was sanctioned with the loss of 27 days of GCT and loss of email privileges for 90 days. ECF No. 10-1, at 21.

8

Burnell asserts: 1) he never attempted to circumvent the prison's email monitoring; 2) BOP policy does not prohibit the use of third-party texting services; and 3) he was "found guilty on . . . incorrect information" that is not sufficient to show he committed the offense. ECF No. 1, at 7; ECF No. 6, at 1.

The Supreme Court has held that the evidentiary standard for inmate disciplinary hearings is that "some evidence" is provided to support the decision of the DHO. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The *Hill* court notes that "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* In order to determine whether this "very low burden" is met, the Court must look to the evidence provided. *Tyler v. Hooks*, 945 F.3d 159, 171 (4th Cir. 2019).

In response to the DHO's allegations against him, Burnell argues that he never attempted to circumvent the prison's email monitoring system, and "assuming [he] was using a 3rd-party texting service," he has not been provided with evidence that the prison's policy strictly prohibits the use of texting services. ECF No. 1, at 7; ECF No. 6, at 1. He explains that Jay is a nickname for his sister, Jessica, and that the subject headings of "Idea" and "Glue" indicated subjects and not names. ECF No. 12, at 1.

Notwithstanding Burnell's claims, the DHO relied upon some evidence to support the decision. ECF 10-1, at 20–21. In finding Burnell abused the prison's email system, the DHO relied on evidence from Burnell's emails to the "bluestampwillie" address and Burnell's testimony at the hearing. *Id.* The DHO noted that during the hearing, Burnell provided an email address

9

for his sister that was different from the email account at issue. *Id.* at 21. Further, when he was questioned during the hearing about the bluestampwillie address, Burnelle offered no explanation for using the account to reach his sister. *Id.* Accordingly, ground two, asserting that the DHO wrongly found that Burnell committed the prohibited act of abusing the email system to disrupt monitoring, should be **DISMISSED**.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that respondent's motion to dismiss as converted to a motion for summary judgment, ECF No. 9, be **GRANTED**, and Burnell's petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
~~United States Magistrate Judge~~
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 4, 2022

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Jamal Dontae Burnell, #91340-083
Federal Corrections Complex Medium
P.O. Box 1000
Petersburg, VA 23804

Fernando Galindo, Clerk

By /s/ J.L. Meyers
Deputy Clerk

May  5 , 2022

12